No. 24-6945

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff/Appellee*,

v.

TRACY COITEUX,
*Defendant/Appellant*.

Appeal from the United States District Court for the Western District of
Washington (Tacoma)
No. 3:21-cr-05184 (Hon. District Judge Benjamin H. Settle)

**APPELLEES' UNOPPOSED MOTION TO VACATE JUDGMENT AND
REMAND FOR DISMISSAL (REQUEST TO SUSPEND MERITS BRIEFING
SCHEDULE)**

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

MATTHEW OAKES
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3129
matthew.oakes@usdoj.gov

**INTRODUCTION**

The United States moves to vacate Appellant Tracy Coiteux's judgment of conviction and to remand this case to the district court for dismissal with prejudice pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. A Rule 48(a) motion has been filed with the District Court. Coiteux's counsel advises that Coiteux does not oppose this motion wishes to dismiss this appeal given the filing of this motion. The parties request that this Court suspend the merits briefing schedule pending disposition of this motion. *See* Ninth Cir. Advisory Committee Note to Rule 27-1, § 6.

**BACKGROUND**

Defendant Tracy Coiteux was convicted of conspiracy to violate the Clean Air Act (CAA), in violation of 18 U.S.C. § 371 (Count 1), and 11 substantive CAA violations of 42 U.S.C. § 7413(c)(2)(C) (Counts 2-12). I-ER-2 (judgment), II-ER-99-109 (second superseding indictment). The object of the conspiracy was to tamper with on-board diagnostic devices that monitor pollution control equipment on diesel trucks, causing the trucks to emit pollutants at rates significantly exceeding legal limits. II-ER-99.

Coiteux was an owner/operator of a diesel repair shop known as Racing Performance Maintenance Northwest, LLC, (RPM Northwest) and of an affiliated company called RPM Motors and Sales, LLC, (RPM Sales) which conducted sales

1

for RPM Northwest.  II-ER-68-69, IV-ER-541.  Following an investigation, Tracy Coiteux, her co-owner Sean Coiteux, and Nick Akerill, their sales and service manager, were indicted on May 12, 2021.  II-ER-118.  A second superseding indictment was added on January 24, 2024.  II-ER-99-109, 129.  Akerill pled guilty to a misdemeanor.  III-ER-364.  Sean Coiteux pled guilty to one count of tampering with a monitoring device under 42 U.S.C. § 7413(c)(2)(C).  II-ER-130-131.

After a three-day trial, the jury found Coiteux guilty on all counts.  4-ER-679-680.  She was sentenced to four years of probation, community service, and assessed a $10,000 criminal penalty.  I-ER-3, 5-6.  SER-74.  Judgment of conviction was entered on November 4, 2024.  Coiteux filed a notice of appeal on November 14, 2024, which was timely under Rule 4(b) of the Federal Rules of Appellate Procedure.

## DISCUSSION

The United States requests that this Court vacate Coiteux's judgment of conviction and remand this case to the district court for dismissal pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure.  *See* 28 U.S.C. § 2106.  The government intends to seek dismissal of Coiteux's conviction underlying this appeal. The government has determined that, as a matter of prosecutorial discretion, it is appropriate to forgo further proceedings on Coiteux's non-final conviction and instead seek dismissal with prejudice under Rule 48.

Rule 48(a) provides that "[t]he government may, with leave of court, dismiss an indictment." Fed. R. Crim. P. 48(a). It allows the government to seek dismissal even after a jury finds the defendant guilty and the district court enters judgment. *See Thompson* v. *United States*, 444 U.S. 248, 250 (1980) (per curiam); *Rinaldi* v. *United States*, 434 U.S. 22, 28-32 (1977) (per curiam).

Given the government's intent to dismiss, this Court should remand the case to the district court to allow the government to file its Rule 48 motion and trigger that dismissal. *See Full Play Grp., S.A. v. United States*, No. 25-390, 2026 WL 79753, at *1 (U.S. Jan. 12, 2026) (granting, vacating, remanding case "for further consideration in light of the pending motion to dismiss the indictment"); *U.S. Br. at *4, Full Play Grp.*, supra (Dec. 9, 2025) (requesting vacatur of judgment and remand of reinstated jury verdict); *Rinaldi*, 434 U.S. at 25 n.8 (1977) (per curiam); *see also*, *e.g.*, *United States v. Watts*, 422 U.S. 1032, 1032 (1975) ("Upon representation of the Solicitor General set forth in his brief for the United States filed May 2, 1975, judgment vacated, and case remanded to the [district court] to permit the Government to dismiss charges against petitioner."); *Bronsozian v. United States*, no. 19-6220, 2020 WL 1906543, at *1 (U.S. Apr. 20, 2020) ("Judgment vacated, and case remanded to the United States Court of Appeals for the Ninth Circuit for further consideration in light of the pending application to vacate the judgment and dismiss the indictment."); *United States v. Burdeau*, 168 F.3d 352, 359 (9th Cir. 1999)

("Under [Rule] 48(a), the government has the power to move to dismiss any count of the indictment as long as the defendant's appeal is pending and the decision is therefore not final.").

## CONCLUSION

The United States requests that this Court vacate Coiteux's judgment of conviction and remand this case to the district court for dismissal under Rule 48(a) of the Federal Rules of Criminal Procedure.

Respectfully submitted,

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
MATTHEW R. OAKES
*s/ Matthew R. Oakes*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
January 22, 2026          Washington, D.C. 20044
DJ 198-17785             (202) 353-9231
                Matthew.oakes@usdoj.gov

4

## CERTIFICATE OF COMPLIANCE

I certify that this document complies with the type-volume limitations of Federal Rule of Appellate Procedure 27(d)(2)(A) and Circuit Rule 27-1(1)(d) because, excluding the parts of the document exempted by Rules 27(a)(2)(B) and 32(f), this document contains 790 words.  This document complies with the typeface requirements of Rule 32(a)(5) and the type-style requirements of Rule 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word in 14-point Times New Roman font.

s/ *Matthew R. Oakes*
MATTHEW R. OAKES

Counsel for Appellee